Méndez, Recurrente, v. El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de venta judicial.

No. 569.—Resuelto en julio 16, 1923.

Cancelación de Hipoteca—Inscripción de Venta Judicial.—Cancelada por un registrador una segunda hipoteca por haber sido vendida la finca judicialmente en ejecución de una primera hipoteca y adjudicada al acreedor ejecutante sin que el precio del remate alcanzara a cubrir más que la primera, no puede rehusarse la inscripción de la venta por el motivo de que dicho acreedor había convenido en posponer la ejecución de su hipoteca hasta tanto el deudor satisficiera ciertas obligaciones personales que del registro no aparecían satisfechas, convenio que existía y constaba del registro al tiempo de la cancelación, pues ello, aparte de constituir una contradición, con la cancelación hecha por la ejecución de la primera hipoteca, quitaría valor y efecto a la cancelación hecha en virtud de dicha venta; especialmente si se considera que los acreedores personales pueden ejercitar contra el acreedor adjudicatario cualquier acción que contra él puedan tener aun cuando la finca se inscriba a su nombre.

Inscripción—Medida Superficial de las Fincas—Defecto Subsanable.—El hecho de que la ley de 18 de agosto de 1913, enmendada por la núm. 3 de 10 de marzo de 1914, permita el empleo de la cuerda como medida en la mensura de terrenos, no quiere decir que no sea necesario expresar la equivalencia en el sistema decimal, siendo el establecimiento de dicho sistema precisamente el propósito de la ley.

Los hechos están expresados en la opinión.

Abogados del recurrente: Sres. *F. González* y *A. Mena*.

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Consta del Registro de la Propiedad de Caguas, según certificaciones que tenemos ante nosotros, que cierta finca fué hipotecada por José B. Méndez y su esposa a favor de Juan Méndez Santiago y de otras tres personas para responderles de ciertas obligaciones personales suscritas por Méndez; que se anotó una demanda de "The Porto Rico Fertilizer Company" contra Méndez y los acreedores de éste por esa hipoteca, en la que se pide la rescisión de la misma; que también se anotó un convenio posterior de "The Porto Rico Fertilizer Company", de otros acreedores personales de Méndez y de dichos acreedores hipotecarios por el que éstos consienten en posponer sus créditos hipotecarios hasta que sus deudores hayan pagado sus obligaciones personales a los varios acreedores que se expresan, con preferéncia a su hipoteca, la que no podrá ser cancelada ni ejecutada por los acreedores hipotecarios o cualquicra de ellos mientras subsista el convenio. También por otra nota marginal se hizo constar la posposición del gravamen perteneciente a "The Porto Rico Fertilizer Company". Por resolución de 6 de marzo de 1923 dictada en el pleito de Juan Méndez Santiago contra José B. Méndez Jiménez y su esposa, en cobro de dinero, la Corte de Distrito de Humacao ordenó la cancelación de una hipoteca del Banco Territorial y Agrícola posterior a la constituída a favor de Juan Méndez Santiago y otros porque el remate había cubierto solamente los $4,500.12 importe de las obligaciones pagadas por el demandante por no haberlas satisfecho José B. Méndez Jiménez, cancelación que fué hecha según afirman las partes en sus respectivos alegatos.

Posteriormente se presentó en el registro para su inscripción la escritura No. 259 otorgada el 23 de noviembre de 1922 por la que el márshal de la Corte de Distrito de Humacao vende a Juan Méndez Santiago la misma finca como consecuencia de la adjudicación que le fué hecha en el remate celebrado en el pleito que siguió contra José B.

Méndez Jiménez y su esposa en cobro de $4,500.12 importe de tres obligaciones satisfechas por el demandante y sus intereses.

El registrador se negó a inscribir esa escritura de venta por los motivos que aparecen de la nota puesta al pie de ella, la que dice así:

"Denegada la inscripción a que se refiere el precedente documento que es la escritura No. 259 otorgada en Humacao el 23 de noviembre de 1922 ante el Notario Francisco González Fagundo, con vista de otra, por observar que aunque en el expresado título se ha ocultado decir que la deuda objeto de la demanda estaba asegurada con hipoteca inscrita, lo cual consta del registro por haberse presentado con anterioridad a dicha escritura una orden de la Corte de Distrito de Humacao, dictada en el mismo caso, disponiendo que en el registro, se cancele una hipoteca que grava la finca vendida, porque de la ejecución seguida por Juan Mendez Santiago contra José B. Méndez, el resultado de la subasta de dicha finca sólo fué la suma de $4,514.12 que ofreció por ella el demandante como importe de su crédito que está garantizado con hipoteca, no resultando cantidad alguna para aplicarla al crédito hipotecario posterior, se deduce claramente ahora que la deuda para cuyo cobro se vendió dicha finca en pública subasta fué la misma que consta asegurada con hipoteca inscrita en el registro, constando además que la indicada hipoteca fué pospuesta por el mismo demandante acreedor Juan Méndez Santiago hasta que se cubrieran por el referido deudor José B. Méndez otras obligaciones de pago a diversas personas, no constando del registro que dichas obligaciones hayan sido cumplidas, y extendida en su lugar anotación preventiva durante el término legal de 120 días a favor de Juan Méndez Santiago al folio * * *, con el defecto subsanable de no expresarse la equivalencia de la cabida de la finca al sistema métrico decimal."

. Según se desprende de esa nota, el único motivo que ha tenido el registrador para denegar la inscripción de la venta judicial es porque se ha vendido la finca para el pago de una hipoteca cuyo cobro aparece del registro pospuesto hasta que el deudor hubiera pagado a otros acreedores su-

yos ciertas obligaciones personales, sin que de sus libros resulte que estas obligaciones hayan sido cumplidas.

Sin entrar a considerar ahora el efecto que la mención de obligaciones personales en el registro pueda producir en cuanto a la acción real hipotecaria, habiendo el registrador concelado la hipoteca del Banco Territorial y Agrícola por orden judicial fundada en que vendida la finca para pago de la anterior hipoteca de Juan Méndez Santiago no había quedado sobrante alguno para aquélla dado el estado de derecho creado en el registro, no puede ahora negarse a inscribir dicha venta que ya aparece del registro haberse hecho y haber surtido efectos, so pena de resultar inconsistente consigo mismo dando valor a dicha venta judicial para el registro al hacer la cancelación y negándoselo cuando se trata de inscribirla, y resultaría la anomalía de denegar la inscripción de una venta que ha sido aceptada para producir una cancelación, a más de que negándose a inscribirla quita valor y efecto a la cancelación practicada que se fundó en dicha venta. En el mandamiento que se libró para dicha cancelación se le dijo que la finca había sido vendida para pagar la hipoteca constituída a favor de Juan Méndez Santiago, y apareciendo de sus libros que tal hipoteca estaba pospuesta hasta que el deudor satisficiera otras obligaciones personales, si por esto no podía ser cobrada y rematada la finca, debió negar la cancelación de la hipoteca del banco, pero practicada como está no puede negar ahora el valor a tal venta.

Además, según se dice en el *syllabus* del caso de *Bianchi v. Pierazzi*, 25 D. P. R. 631, el comprador de una finca hipotecada se coloca en la misma situación del deudor; esto es, al vencimiento de la hipoteca, los recursos del acreedor hipotecario contra el comprador serán exactamente los mismos que si ellos fueran contra el deudor. De idéntica manera en el presente caso, si los acreedores personales en cuyo favor el comprador Méndez Santiago pospuso su hi-

poteca tienen alguna acción contra él por haber cobrado la deuda garantizada con la hipoteca recibiendo en pago la finca gravada antes de haber cobrado sus créditos, podrán ser ejercitados aunque la finca se inscriba a su nombre.

En cuanto al defecto subsanable que se menciona en la nota por no expresarse la cabida de la finca en el sistema métrico decimal, es de sostenerse de acuerdo con decisiones nuestras anteriores, pues si bien la ley de 18 de agosto de 1913, enmendada por la No. 3 de 10 de marzo de 1914, permite que en las mensuras de terrenos puede emplearse la cuerda como medida, sin embargo, como por esa ley se establece el sistema decimal y la hectárea como tipo para medir terrenos, el hecho de que se permita usar también la cuerda, cuya equivalencia al sistema métrico decimal da, no quiere decir que no haya de expresarse tal equivalencia.

La nota recurrida debe revocarse en cuanto niega la inscripción.

*Revocada en parte.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Franco Soto.

El Juez Asociado Sr. Hutchison firmó: "Conforme con la sentencia."