ELISA SOTO VIUDA DE MARTÍNEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

*Número*: G-63-9        *Resuelto*: 18 de diciembre de 1963

*Domínguez & Domínguez,* abogados de la recurrente. El Registrador recurrido compareció por escrito.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El Registrador de Guayama, don Tomás Bernardini Palés, inscribió una escritura otorgada ante el notario don Luis Domínguez Rovira con dos defectos subsanables de (1) "no expresarse la equivalencia de la cabida de la finca en el sistema métrico decimal" y (2) "no acreditarse fehacientemente ni la fecha de pago del precio de compraventa ni la fecha en que quedó viuda la compradora doña Elisa Soto Viuda de Martínez".

(a) En la escritura aparece la fecha en que quedó viuda la compradora. Dice así la comparecencia:

"Doña Elisa Soto Viuda de Martínez, mayor de edad, de ocupaciones propias de su hogar, de estado viuda (el esposo falleció en el mes de agosto de mil novecientos cincuenta y nueve), y vecina de Aibonito, Puerto Rico, . . ."

(b) Aparece además específicamente la fecha del pago del precio de compraventa. Se expresa lo siguiente:

"Esta compraventa se verifica en consideración y por el precio ajustado y convenido de DOS MIL OCHOCIENTOS DOLARES ($2,800.00), cantidad que declara "El Vendedor" haber recibido de manos de doña Elisa Soto Viuda de Martínez, o sea, 'El Comprador', el día nueve de agosto de mil novecientos sesenta y dos, en moneda de curso legal de Estados Unidos de América, por cuya suma y motivo le otorga carta de pago en forma."

Surge de la escritura que a la fecha del pago la compradora era viuda.

■ (c) El Registrador invoca a *Méndez* v. *El Registrador de Caguas*, 32 D.P.R. 238 (1923), para sostener su contención de que se requiere expresar la equivalencia de la cabida de una finca en el sistema métrico decimal según lo dispone el Art. 9 de la Ley Hipotecaria. La descripción que se hace en la escritura del inmueble objeto de la compraventa cumple sustancialmente con lo exigido por la ley, pues se expresan en el sistema métrico decimal la medida lineal de cada una de sus colindancias. Una mera operación aritmética demostrará la cabida en el sistema métrico decimal. La mejor práctica no obstante y la que debe seguirse por todos los notarios es la de hacer constar, tal como lo exige la ley, la equivalencia completa en el sistema métrico.

La descripción de la finca se expresó así:

"Parcela radicada en el Barrio Asomante del término municipal de Aibonito, con un área superficial de mil ochocientos cincuenta y tres, digo de Una Cuerda Con Ochocientos Cincuenta Y Tres Milésimas De Otra (1.853 cda.), en lindes por el Norte, en ciento veinticuatro metros con noventa y cinco centímetros, con la Carretera Estatal número setecientos veinte y tres; por el Sur, en dos líneas distintas que suman setenta y ocho metros veinte y siete centímetros, con la Sucesión Cruz Esparra; por el Este, en setenta y cuatro metros sesenta y un centímetros con la Sucesión de Antonio Emanuelli; por el Oeste, en cincuenta y ocho metros setenta y cinco centímetros, con la finca principal de la cual se segrega propiedad de doña Maria Esparra Alvarado."

■ Parece apropiada la ocasión para indicar que la misión de calificar no debe estar informada por un criterio

literalista en la interpretación de la ley y su aplicación a los documentos presentados para inscripción. Debe atenerse a los términos del contrato en conjunto y el Registrador no debe asumir la posición de continuamente levantar defectos insustanciales.

*Se revocará la nota recurrida y se ordena la cancelación de los defectos apuntados.*